**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sierra-Sonora Enterprises, Inc.; Jackson Hole Partners, LP; Grand Teton Partners, LP, <br><br> Plaintiffs, <br><br> vs. <br><br> Domino's Pizza, LLC; TISM, Inc., <br><br> Defendants. | No. CV 10-0105-PHX-JAT <br><br> **ORDER** |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the notice of removal fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092, 1094 (9th Cir. 1990) (discussing the citizenship of a corporation); *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company); *Carden v. Arkoma Associates*, 494 U.S. 185 (1990) (discussing the citizenship of a partnership).

Accordingly,

**IT IS ORDERED** that by February 24, 2010, Defendant Domino's Pizza LLC (as the party asserting jurisdiction and therefore, with the burden of pleading jurisdiction, *see Industrial Tectonics*, 912 F.2d at 1092) shall file an amended notice of removal properly

alleging federal subject matter jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.[1]

**IT IS FURTHER ORDERED** that Defendant is cautioned that it will be given one opportunity to amend to cure the jurisdictional allegations. The Court will not issue additional show cause orders to assist Defendant in pleading jurisdiction.[2] Therefore, if the amended notice of removal fails to plead federal subject matter jurisdiction, this case will be remanded without the Court granting Defendant any further opportunity to amend.

DATED this 10th day of February, 2010.

James A. Teilborg
United States District Judge

---

[1] The amended notice of removal must contain all jurisdictional allegations sufficient to plead jurisdiction in one document and should not anticipate that the Court will read any previous filings to assess jurisdiction. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005); *Valdez v. Allstate*, 372 F.3d 1115, 1117 (9th Cir. 2004).

[2] The Court should not give a party advice because advice undermines the district judge's role as an impartial decision maker. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).